NO. 7989.                            STATE OF LOUISIANA

J. D. WEATHERSBY.

VS                                   COURT OF APPEAL

LOUISVILLE & NASHVILLE R. R. CO.     PARISH OF ORLEANS

------------------

## OPINION.

By his Honor John St. Paul.

Plaintiff sues for alleged los es sustained on a shipment of corn flour, said to have been ######## damaged by dampness and dust, whilst under an open shed where defendant had stored it after arrival.

For answer the defendant denies other liability than that of warehouseman; denies any negligence as such; denies the extent and quantum of the alleged damage.

### I.

It is admitted that defendant's liability is that of a warehouseman only. But where merchandise held on storage (even by a carrier) consists of a perishable commodity, liable to be damaged by damp and fog, it should be stored in a warehouse or other dry place, and not under an open shed without other adequate protection against the weather. Coate Bros vs N. O. Terminal Co, 139 La 958.

In the case before us it is shown that the commodity was particularly liable to damage from moisture; that it was stored under an open shed only thirty or forty feet wide, and surrounded <u>but</u> <u>not</u> <u>covered</u> by tarpaulins.

### II.

The evidence herein is not as full as it might be as to the extent of the damage done by the moisture, and possibly this may be due to the stand first taken by the

defendant when the claim was presented; towit, not a denial that such damage had occurred, but a denial of liability in any event; as plaintiff had been notified that the shipment had arrived, was aware of "local conditions", and if not satisfied with defendant's storage facilities should have stored his goods elsewhere. In which position defendant persisted from June 18th 1918 to August 29th, 1918, and apparently shifted therefrom only when it filed its answer herein.

And whilst we do not take this as an unqualified admission that such damages had occurred, nevertheless it is entitled to some consideration as being indicative of this at least; that it was easier to question plaintiff's right under the alleged facts than to question the facts themselves. And where a party gives a reason for his conduct and decision touching anything in controversy, he cannot after litigation is begun change his ground and put his conduct upon another and different consideration. Vicknair vs Southside Plantation Co, 10 Orleans App 43; citing Railway Co vs Mc Carthy, 96 U. S. 267, and Warner vs Fabacher, 6 Orleans App 37.

### III.

For the rest, defendant's own witnesses show that the shipment was damaged somewhat, even if but slightly, first in actual transportation and afterwards in storage.

447

and even though the full extent of the damages is established only by the testimony of plaintiff alone, yet that testimony impresses us as fair, full and honest; and it is certain that it satisfied the trial judge who heard it from the mouth of the witness himself.

That testimony shows that the whole shipment had been damaged from the exposure; that one purchaser rejected the flour absolutely, that another claimed a reduction, and that the whole lot was eventually sold below cost, all because of its condition.

### IV.

Plaintiff claims only the difference between the cost of the flour to him and the price which he received for it; he claims nothing for lost profits. He admits that the market was falling, but says that the fall took place whilst he was trying to dispose of an article difficult to sell on account of its condition. He swaers that had the flour not been damaged he could and would have disposed of earlier and at a profit. And on the whole we think that he has made out such a case as warrented the judgment in his favor.

The judgment appealed from is therefore affirmed and made executory against James C. Davis, Director General Of Railroads, as agent of the United States, at his cost in both courts.